IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNIQUE R. BASTON            )
                             ) No. 20-1851
    v.                       )

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security


**MEMORANDUM ORDER**

In this action, Plaintiff filed an application for benefits under Titles II and XVI of the Social Security Act, based on mental and physical impairments. She averred disability beginning on June 25, 2014. Her application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"), at which Plaintiff proceeded pro se. The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment; Plaintiff continues to proceed pro se. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial

1

evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently."  Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Additionally, Plaintiff's submission has been reviewed according to liberal standards applicable to pro se litigants. Further, the Court is mindful of an ALJ's heightened obligations toward such litigants.

Plaintiff sets forth several aspects of her medical history, including her concussion in 2014, subsequent diagnosis and treatment for cancer, and additional diagnoses.   She urges that no employer could accommodate her limitations. The ALJ arrived at an RFC that limited Plaintiff to light work, except that the claimant would need a change of position every hour; occasionally stoop, kneel, crouch, crawl, and climb; no hazards or balancing; no production rate

paced work; self-paced work; no more than frequent overhead reaching; and a break every two hours for 15 minutes.  In arriving at the RFC, the ALJ considered Plaintiff's treatment records, as well as the results of medical and physical consultative exams, and the reports of other state agency consultants.  I have carefully reviewed the record, the ALJ's decision, and Plaintiff's statement.  While I sympathize with Plaintiff's hardships, thorough review revealed no patent error in the ALJ's approach to the evidence.  I emphasize that issue is not whether the record contains evidence that would support a finding of disability – as it does here -- but whether it contains sufficient evidence to support the ALJ's conclusions.  Grella v. Colvin, No. 12-02115, 2014 U.S. Dist. LEXIS 125804, at *43 (M.D. Pa. Sep. 9, 2014).  I emphasize, too, that this Court's role is limited; I am not permitted to reweigh the evidence or substitute my own judgment for that of the ALJ.  Under the circumstances, I am constrained to find that the ALJ's decision was supported by substantial evidence.  If Plaintiff obtained additional diagnoses or suffered new impairments after the time frame pertinent to her application for benefits, she may attempt to seek benefits through a new application.

       For these reasons, Plaintiff's Motion is denied and Defendant's granted.

BY THE COURT:

_/s/ Donetta W. Ambrose_

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: December 17, 2021